JOURNAL ENTRY and OPINION
{¶ 1} The state appeals the decision of the trial court granting appellee's motion to suppress. On December 21, 2002, appellee, Mayshun Hall ("Hall"), was arrested for suspicion of driving while intoxicated and, after an inventory of Hall's vehicle revealed crack cocaine in a compact disc holder, was charged with drug possession, drug trafficking, and possession of criminal tools. Hall filed a motion to suppress the crack cocaine, arguing that the state lacked probable cause to arrest him in the first instance and that any evidence obtained pursuant to the improper arrest must be suppressed.
 {¶ 2} At the hearing on Hall's motion to suppress, Michael Stack ("Stack"), police lieutenant for the Village of Cuyahoga Heights, testified that he was traveling northbound on East 49th Street during his patrol on December 21, 2002 at approximately 3:30 a.m. when he observed a vehicle in the southbound lane cross over the center line of the road and drive directly toward him in his lane of traffic. Stack slowed down to a stop and flashed his bright lights to alert the oncoming vehicle. The vehicle swerved back over the center line of the road into the proper southbound lane of traffic. Once the vehicle passed, Stack testified that he turned around, followed the vehicle, and called in the vehicle's license plate number for verification. It was determined that the vehicle was owned by Hall and the license plates were properly registered.
 {¶ 3} Shortly after the license plates were called into dispatch, Stack pulled Hall over for crossing the center line of the road. As he approached the vehicle, Stack testified that he observed an "uncomfortable amount of activity" between the occupants in the front of the vehicle, which he described as "furtive" movements. When he reached the vehicle, Stack asked Hall to roll down his window, which he did, and then asked Hall for his license, registration, and insurance information. Although Hall was cooperative and retrieved the items, Stack testified that Hall's responses were "slow," "methodical," and "atypical." Stack also testified that he detected a faint smell of alcohol, observed that there were a total of three occupants, and that the rear passenger was visibly intoxicated.
 {¶ 4} Stack asked Hall to exit the vehicle, which he did, and conducted two field sobriety tests. Stack testified that he demonstrated each test to Hall and then asked Hall to perform the tests. Although not unresponsive or combative, Hall stumbled on the first test, which was the balance and stability test of walking heel to toe, and Hall failed the second test, which was the finger-to-nose test. Because Hall failed to perform the two tests to Stack's satisfaction, Hall was placed under arrest for suspicion of driving while intoxicated and taken to the police station for further processing.
 {¶ 5} Stack and another officer who arrived to assist Stack performed a preliminary search of the vehicle, but they did not discover anything to note. The vehicle was towed to a secure location and, after an inventory of the vehicle's contents, crack cocaine was discovered in a compact disc holder. As a result, Hall was charged with drug possession, drug trafficking, and possession of criminal tools.
 {¶ 6} Upon review of the testimony of Stack and based upon the holding in State v. Homan, 89 Ohio St.3d 421,2000-Ohio-212, 732 N.E.2d 952, the trial court granted Hall's motion to suppress the crack cocaine. In so holding, the trial court stated that because there was no evidence as to the standard for field sobriety tests used by Stack or in general, the probable cause to arrest Hall cannot be based upon his poor performance on such tests. The state now appeals, asserting in its sole assignment of error, that the trial court erred by granting Hall's motion to suppress.
 {¶ 7} Our review of the trial court's decision to grant Hall's motion to suppress is de novo. The Ohio Supreme Court held in State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8,797 N.E.2d 71, as follows:
 {¶ 8} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.
 {¶ 9} "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." (Internal citations omitted.)
 {¶ 10} Here, the "applicable legal standard," as announced inHoman, 89 Ohio St.3d at 427, is as follows:
 {¶ 11} "While field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where, as here, the test results must be excluded for lack of strict compliance."
 {¶ 12} In Homan, a police officer stopped appellee's vehicle after he observed "erratic driving" on the part of appellee. In particular, the police officer observed appellee driving left of center. When the police officer stopped appellee, he observed that appellee's eyes were "red and glassy" and that her breath smelled of alcohol. The police officer asked appellee to exit the vehicle and conducted three field sobriety tests — all of which the police officer admitted to failing to administer in conformance with established testing procedures. Based upon appellee's poor performance on the three tests, her demeanor, and her admission that she had consumed three beers, the police officer placed appellee under arrest for driving under the influence, in addition to driving left of center and child endangering.
 {¶ 13} The trial court in Homan denied appellee's motion to suppress, holding that taken as a whole, the tests indicated sufficient impairment to support probable cause, despite the lack of strict compliance to established testing procedures. On appeal, the appellate court affirmed, holding that while strict compliance with sobriety tests is mandatory, there was probable cause to arrest appellee even without the tests. The Ohio Supreme Court affirmed, stating that while the three field sobriety tests could not be any part of the probable cause to arrest appellee because they were not administered in accordance with established testing procedures, the totality of the facts and circumstances "amply support[ed]" the police officer's decision to place appellee under arrest.
 {¶ 14} Although the appellee in Homan admitted to consuming three beers prior to her arrest, the facts and circumstances of the instant matter are closely analogous. Here, like the appellee in Homan, Stack observed Hall drive over the center line of the road into oncoming traffic and swerve back into the proper lane only after being flashed with bright lights. Upon pulling Hall over and approaching the vehicle, Stack observed furtive movements between the front seat occupants. Although Stack did not characterize Hall's eyes to be "red and glassy," as was observed in Homan, he did observe Hall's responses to his preliminary questions once he approached the vehicle to be slow, methodical, and atypical. Just like in Homan, Stack asked Hall to exit the vehicle once he detected the smell of alcohol. And, like in Homan, Stack admitted to conducting two field sobriety tests that were conducted according to past habit, but probably not in accordance with standardized testing procedures.
 {¶ 15} Based on the first part of Homan, the trial court found that the results of the two field sobriety tests conducted by Stack could not support probable cause to arrest Hall for driving while intoxicated because there was no evidence before the court of the standardized testing procedures and Stack admitted that the tests were probably not conducted according to such guidelines. However, based on the second part of Homan,
the inquiry does not end. The further inquiry is whether the totality of the facts and circumstances can support a finding of probable cause even when there were no field sobriety tests conducted or, like here, where the results of those tests must be excluded for lack of strict compliance with standardized testing procedures. Because we find that the totality of the facts and circumstances, without regard to the results of the field sobriety tests conducted, supports a finding of probable cause to arrest Hall for driving while intoxicated, the state's assignment of error is well taken. Thus, the decision of the trial court granting Hall's motion to suppress is reversed and this matter is remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., concurs with separate concurring opinion.
 Karpinski, J., concurs with majority and separate concurringopinion.