JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Rashaun Gates ("Gates"), appeals the trial court's decision denying his motion to suppress evidence obtained during the execution of a search warrant. After pleading no contest, the trial court found Gates guilty of drug trafficking with a juvenile specification, possession of drugs, and possession of criminal tools and sentenced Gates to three years in prison. For the following reasons, we affirm the decision of the trial court.
 I. {¶ 2} For his first assignment of error, Gates argues that the trial court erred in denying his motion to suppress because the police failed to adhere to the "knock and announce" rule before forcibly entering the premises. In support of his argument, Gates asserts that the police officer's testimony at the suppression hearing that he knocked on the door loud enough for those inside to hear while executing the search warrant was not credible when two occupants of the home testified they did not hear a knock. However, Gates' argument is without merit.
 {¶ 3} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." State v. Hall, Cuyahoga App. No. 82959, 2004-Ohio-3872, ¶ 8, quoting State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8,797 N.E.2d 71. The "knock and announce rule," pursuant to R.C. 2935.12(A), provides as follows:
 {¶ 4} "When making an arrest or executing an arrest warrant or summons in lieu of an arrest warrant, or when executing a search warrant, the peace officer, law enforcement officer, or other authorized individual making the arrest or executing the warrant or summons may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention to make the arrest or to execute the warrant or summons, he is refused admittance, but the law enforcement officer or other authorized individual executing a search warrant shall not enter a house or building not described in the warrant."
 {¶ 5} Here, it cannot be said that the trial court's denial of Gates' motion to suppress was erroneous. Although Gates contends that the police officer's testimony is not credible because Gates' mother and sister inside the house did not hear a knock before the police entered the house, the trial court weighed the testimonies and found that the failure to hear a knock did not mean that the police officer failed to knock. As testified by the police officer executing the search warrant, he knocked on the screen door where Gates lived and yelled "Police, search warrant." Approximately 15 seconds after the police officer knocked on the door and there was no response, he entered the house by using a ram and apprehended Gates once he was inside.
 {¶ 6} Gates' mother testified that she did not hear a knock or any announcement of the police officer's presence before she heard a loud "boom," which was the sound of the ram used to force open the door. When she heard the "boom," she was on the second floor of the house in her bedroom, laying down on the bed. Gates' sister also testified that she did not hear a knock or any announcement before she heard the "boom." When she heard the "boom," she was washing dishes and putting them away in the kitchen on the first floor and the television was on in the dining room, which was adjacent to the kitchen. While the trial court found their testimonies to be credible, the surrounding circumstances, such as their individual locations in the house and the noises in the house, could explain why they did not hear a knock.
 {¶ 7} Gates also testified that he did not hear a knock or announcement before he heard the "boom." At the time he heard the "boom," he was in his bedroom on the second floor of the house and he was talking on his cell phone. He testified that he had his windows open and could hear the traffic outside, but stated that he never heard a knock at the door. The trial court specifically found Gates' credibility to be low, since he should have been able to hear "ten or eleven drug detectives coming up his drive, to execute the search warrant" if he was able to hear traffic outside his house.
 {¶ 8} After weighing the testimonies, the trial court found that "[t]here is little doubt in my mind that this detective did knock on the door before he gained entrance into this particular home." It does not appear from the record that the trial court denied Gates' motion to suppress on incompetent, incredible evidence; thus, Gates' first assignment of error is overruled.
 II. {¶ 9} Gates argues in his second assignment of error that the trial court erred by denying his motion to suppress on the basis that there was probable cause for the search warrant. In particular, Gates asserts that the supporting affidavit failed to demonstrate that there was evidence of crime at Gates' house. This court, however, need not address Gates' claimed error because Gates failed to include the search warrant and accompanying affidavit in the record. See Susanu v. Cliche (2001),143 Ohio App.3d 776, 780, 758 N.E.2d 1224, quoting Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384 ("[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings.") Without the search warrant and the accompanying affidavit, this court has "nothing to pass upon" and "has no choice but to presume validity of the lower court's proceedings." As a result, Gates' second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Dyke, J., concur.